UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FLYING EAGLE ESPRESSO, INC.,

    Plaintiff(s),

v.

HOST INTERNATIONAL, INC., et al.,

    Defendant(s).

NO. C04-1551P

ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion to Amend Complaint

2. Defendant Port of Seattle's Response to Plaintiff's Motion to Amend Complaint

3. Brief of Local 8 in Opposition to Plaintiff's Motion to Amend Complaint

4. Defendant Host International, Inc.'s Response to Plaintiff's Motion to Amend Complaint

5. Plaintiff's Reply to the Port's Opposition to Plaintiff's Motion to Amend Complaint

6. Plaintiff's Reply to Host and HERE's Opposition to Plaintiff's Motion to Amend Complaint

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is GRANTED.

**Discussion**

Plaintiff seeks leave to amend to add §1983 claims against all defendants for acting in concert to deprive Plaintiff of its rights under the National Labor Relations Act ("NLRA") and a contempt claim against the Port for allegedly violating a pre-existing injunction and consent judgment issued by the Honorable Barbara J. Rothstein of this Court in <u>CityIce Cold Storage Co. v. Port of Seattle</u>, C99-1647R.

**ORD ON MTN
TO AMEND - 1**

1    Federal Rule of Civil Procedure 15(a) states that "a party may amend the party's pleading only

2 by leave of the court or by written consent of the adverse party; and leave shall be freely given when

3 justice so requires."   The policy of the Ninth Circuit is that FRCP 15(a) is "'to be applied with

4 extreme liberality.'"  Eminence Capital, LLC v. Aspeon, Inc., 315 F.3d 1046, 1052 (9th Cir. 2003)

5 (citing Owns v. Kaiser Fdn. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) and Morongo Band of

6 Mission Indians v. Rose, 893 F.3d 1074, 1079 (9th Cir. 1990).  This latitude is to be exercised within

7 limitations, delineated by the Supreme Court as follows:

8    In the absence of any apparent or declared reason – such as undue delay,
     bad faith or dilatory motive on the party of the movant, repeated failure
9    to cure deficiencies by amendments previously allowed, undue prejudice
     to the opposing party by virtue of allowance of the amendment, futility
10   of amendment, etc. – the leave should, as the rule requires, be "freely given."

11 Foman v. Davis, 371 U.S. 178, 182 (1962).  Prejudice is the most critical factor (*see* DCD Programs,

12 Ltd. v. Leighton, 833 F.2d, 183, 185 (9th Cir. 1987)), but absent a strong showing of prejudice or any

13 of the other Foman factors, there is a presumption in favor of granting leave to amend under FRCP

14 15(a).  Eminence Capital, 315 F.3d at 1052.

15 §1983 Claim

16    Defendant Port of Seattle ("the Port") makes two arguments against permitting an amendment

17 to add this claim.  One is based on the requirement that a plaintiff asserting an §1983 claim must

18 establish two elements: "(1) the conduct that harms the plaintiff must be committed under the color of

19 state law (*i.e.*, state action), and (2) the conduct must deprive the plaintiff of a constitutional right."

20 Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).  A municipal defendant such as the

21 Port must be shown to have implemented "a policy statement, ordinance, regulation, or decision

22 officially adopted and promulgated" by a decision-making body or followed a custom that "has not

23 received formal approval through the body's official decision making channels."  Monell v. New York

24 City Dept. of Social Services, 436 U.S. 658, 690-91 (1978).

25

26 **ORD ON MTN
TO AMEND - 2**

Defendant's position is that, because Flying Eagle has no evidence of such a custom or policy, they should not be allowed to file a claim alleging such a violation. Although the Court finds that Plaintiff has produced at least *some* evidence to support its proposed allegations (including the Port's admission that it entered into a Memorandum of Understanding that required all concessionaires to hire union labor), even the production of a modicum of evidence is not required at this stage; Plaintiff's burden here is not one of factual proof. Plaintiff's burden on a motion to amend is merely to present allegations which, *if* proven, would create a valid cause of action. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1487 (1990). The Court is satisfied that they have done that.

Defendant's second argument is that the amendment would, in fact, cause prejudice due to the expiration of the discovery period and their inability to conduct further discovery on the new claim. This begs the question of why, in light of the fact that Plaintiff's proposed amendments do not contain any new factual allegations, the Port has not previously engaged in discovery on these issues. But in any event, if any party feels that the amendments require the reopening of the discovery period for any purpose, they are free to so request.

Defendants Host International, Inc. and the Hotel Employees and Restaurant Employees Union ("Host/HERE") attack the proposed §1983 amendment from a different angle, making essentially a 12(b)(6) argument that the proposed amendment is legally insufficient (or futile) and therefore impermissible. They cite Radcliffe v. Rainbow Construction Co., 254 F.3d 772 (9th Cir. 2001) for the proposition that the comprehensive enforcement mechanism of the National Labor Relations Act, 29 U.S.C. §151 *et seq.*, precludes prosecution under §1983 (except in very narrow circumstances not present here).

Host/HERE's argument is premised on their assertion that Plaintiff's new claim (1) alleges violations under §7 of the NLRA, (2) would qualify as nothing more than an ordinary unfair labor proceeding and (3) would be pre-empted by the NLRA from §1983 prosecution on that basis. But, as

**ORD ON MTN
TO AMEND - 3**

1  Plaintiff points out, their claim against HERE is brought under §8(b)(4) – the "secondary boycott"

2  provision of the NLRA – which is exempted from the exclusive jurisdiction of the National Labor

3  Relations Board ("NLRB").[1]

4      As for Defendant Host, Plaintiff is not suing them as an employer in an NLRA labor dispute,

5  but rather as an agent of a state agency (the Port) who is using a secondary boycott to force Plaintiff

6  to hire union labor..  Relief against a private party acting as an agent of the state to accomplish a result

7  which violates rights which are federally-protected from state interference is not, Plaintiff argues,

8  covered under the enforcement scheme of the NLRA.  Defendants have cited no authority to the

9  contrary.

10 Contempt Claim

11     In a case entitled <u>CityIce Cold Storage Co. v. Port of Seattle</u> (C99-1647R), Judge Barbara

12 Rothstein of this district entered an Order and Consent Decree (Dkt. No. 27) which, among other

13 things, "permanently enjoined" the Port

14         from any conduct that interferes, either by the Port's actions or inactions,
   with the federally protected rights of CityIce. . . or other third parties using
15         Port facilities to assign work to their own employees.  Without limitation, this
   injunction prohibits the Port from entering into any future agreement of
16         adopting any future tariff, policy or other requirement which interferes with
   those federally protected rights.
17

18     Plaintiff's proposed amended claim alleges that the Port's actions in this matter have placed

19 them in contempt of Judge Rothstein's order.  The Port attempts to counter the amendment by arguing

20 that the facts do not support the proposed cause of action.  As the preceding §1983 analysis indicated,

21 Plaintiff's burden at this stage is not to prove its claim or even establish a prima facie foundation for its

22 allegations.  It is sufficient to establish that, if the facts are as Plaintiff claims them to be, then a cause

23

24     [1] Under 29 U.S.C. §187(b), parties aggrieved under §8(b)(4) may sue for damages "in any district court in the
25 United States.."

26 **ORD ON MTN**
   **TO AMEND - 4**

of action will lie. Under the liberal amendment standards of the Ninth Circuit, the Court grants Plaintiff leave to file this amended claim.

The Port also makes a passing objection to the fact that Plaintiff's amended complaint contains claims which were dismissed in previous rulings of this Court. Defendant cites no case law which would require Plaintiff to withdraw claims which have been the subject of prior rulings and the Court will not require Plaintiff to do so. The previous rulings are still the law of the case whether or not Plaintiff chooses to include the claims in the current version of its complaint.

**Conclusion**

The motion is GRANTED. Plaintiff will be permitted to amend its complaint as requested to allege violations of §1983 against all three defendants and allege contempt against the Port based on Judge Rothstein's order in <u>CityIce</u>. The Court is satisfied that Plaintiff's allegations, if proven at trial, constitute cognizable causes of action and the claims are legally sufficient. The Court further finds that the amendments will not cause undue delay or prejudice and thus are favored by the Ninth Circuit policy of liberal allowance of amendments under FRCP 15(a).

The clerk is directed to provide copies of this order to all counsel of record.

Dated: July _11__, 2005

Marsha J. Pechman
U.S. District Judge

ORD ON MTN
TO AMEND - 5