litigation. *See* Town of Hallie v. City of Eau Claire, 471 U.S. 34, 38, 44 (1985); Lorrie's Travel & Tours, Inc. v. SFO Airporter, Inc. 753 F.2d 790, 793 (9th Cir. 1985); Snake River Valley Electric Association v. Pacificorp., 357 F.3d 1042, 1047-48 (9th Cir. 2004). Defendants argue that "[s]tate actor immunity bars Flying Eagle from asserting antitrust claims under state law to the same extent that it bars such claims under the Sherman Act." Port's 1st Motion, p. 13.

The argument is made that the Washington legislature intended that the Consumer Protection Act ("CPA") be interpreted along the guidelines set up by the federal courts for corresponding federal statutes (State v. Black, 100 Wn.2d 793, 799 (1984)); since §§ 3 and 4 of the CPA are the state equivalent of the Sherman Act, Defendants claim the same protection afforded them under applicable federal precedents. However, the case law indicates that the state courts are to look to federal precedent for "guidance," (Id.), not that federal precedent is controlling.

> The directive to be "guided by" federal law does not mean that we are bound to follow it. But neither are we free to ignore it, and indeed in practice Washington courts have uniformly followed federal precedent in matters described under the Consumer Protection Act.
> ***
> Any departure from federal law. . . must be for a reason rooted in our own statutes or case law and not in the general policy arguments this court would weigh if the issue came before us as a matter of first impression.

Blewett v. Abbott Laboratories, et al., 86 Wash.App. 782, 787-88 (1997).

Assurance Co. of America v. Wall & Assoc's, LLC of Olympia, 379 F.3d 557 (9th Cir. 2004) provides some further insight regarding how this Court should proceed regarding the application of the state actor doctrine to Washington anti-trust law: "[W]hen interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue. . ." Id. at 609-10. Therefore, we look to Washington state law for guidance.

ORD ON MTNS
FOR SUMM JMT - 7

1   The Washington CPA is patterned after federal law and the legislature anticipated that state courts would be guided by federal court interpretation of federal antitrust law. RCW 19.86.920. See, State v. Black, *supra*. This statute also commands that the regulatory scheme "be liberally construed that its beneficial purposes may be served." RCW 19.86.920.  However, as noted above, this admonition does not mean that state courts are bound to follow federal law. *See* Blewett v. Abbott Laboratories, *supra*. As the Blewett court indicated, a departure from following the federal precedent of the state actor immunity doctrine must have a firm foundation in state authority.

The closest Washington state corollary to the state actor immunity doctrine appears in the exemption section of the CPA which governs state action or state regulated entities. The pertinent language states that the CPA laws, including the anti-trust provisions, do not apply to "actions or transactions permitted by any other regulatory body or officer acting under statutory authority of this state." RCW 19.86.170.[4] This appears to be the Washington codification of the state actor doctrine.

In delineating the application of this exception, Washington courts have taken the approach that "'[l]iberal construction' is a command that the coverage of an act's provisions in fact be liberally construed and that its exceptions be narrowly confined." Vogt v. Seattle-First National Bank, 117 Wn.2d 541, 552, 817 P.2d 1365 (1991) (en banc). As a result, Washington courts have carefully scrutinized both the "action or transaction" involved and the permission required to qualify for exemption under in RCW 19.86.170.

In Dick v. Attorney General (83 Wn.2d 684 (1974)) the Court articulated a narrow interpretation of "action or transaction" such that a generally regulated practice does not automatically receive exemption from CPA claims. Id. at 688.  "If a particular practice found to be unfair or

---

[4] The statute states that the CPA does not apply to "actions and transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington utilities and transportation commission, the federal power commission." The narrower "actions or transactions permitted" language applies only to "any other regulating body or authority." RCW 19.86.170.

**ORD ON MTNS**
**FOR SUMM JMT - 8**